**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


DARYL ZIMMER,

                Petitioner,                Case Number: 2:13-12560
                                          HONORABLE GERALD E. ROSEN

v.


LLOYD RAPELJE,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS**
**CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Michigan state prisoner Daryl Zimmer has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently

incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges

his convictions for one count of first-degree criminal sexual conduct, one count of

second-degree criminal sexual conduct, twelve counts of third-degree criminal

sexual conduct, two counts of fourth-degree criminal sexual conduct, two counts of

accosting a child for immoral purposes, one count of distributing obscene material

to a minor, one count of child sexually abusive activity, and one count of

distributing alcohol to a minor. For the reasons discussed, the Court denies the

petition.

## I.     Background

Zimmer's convictions arise from the sexual assault of several children over a fifteen-year period.  He was charged in St. Clair County Circuit Court with three counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, ten counts of third-degree criminal sexual conduct, two counts of fourth-degree criminal sexual conduct, two counts of accosting a minor for immoral purposes, distributing sexually explicit matter to minors, child sexually abusive activity, and furnishing alcohol to minors.  On August 18, 2011, Zimmer pleaded guilty to all counts, except for the first two counts of first-degree criminal sexual conduct occurring in 2010-2011, and two additional counts of third-degree criminal sexual conduct.  On September 19, 2011, Zimmer was sentenced to the following concurrent sentences: 25 to 75 years for the first-degree criminal sexual conduct conviction, 10 to 15 years for each of the second- and third-degree criminal sexual conduct convictions, 13 to 20 years for child sexually abusive activity conviction, 2 to 4 years for each of the accosting a child for immoral purposes convictions, 1 to 2 years for the fourth-degree criminal sexual conduct and distributing obscene materials convictions, and 90 days (with credit for time served) for the distributing alcohol to a minor conviction.

Zimmer filed a motion to withdraw his plea in the trial court, which the trial

court denied.  Zimmer then filed a delayed application for leave to appeal in the

Michigan Court of Appeals, raising these claims: (i) plea was coerced and

involuntary; (ii) sentencing guidelines were mis-scored, based upon inaccurate

information, and the court improperly exceeded the guidelines; and (iii) sentencing

court lacked substantial and compelling reasons for exceeding the guidelines and

the sentences are disproportionate.  The Michigan Court of Appeals denied leave to

appeal.  *People v. Zimmer*, No. 309982 (Mich. Ct. App. Nov. 20, 2012).  The

Michigan Supreme Court denied Zimmer's application for leave to appeal.  *People*

*v. Zimmer*, 493 Mich. 895 (Mich. Nov. 20, 2012).

Zimmer then filed the pending habeas petition.  He raises these claims:

I.  Defendant is entitled to withdrawal of his plea as coerced and involuntary and in violation of his constitutional rights.

II.  Mr. Zimmer is entitled to resentencing where the sentencing guidelines were mis-scored in violation of the state and federal due process right to sentencing based upon accurate information where the court improperly went above the guidelines.

III.  Defendant's state and federal constitutional rights were violated where there were no substantial and compelling reasons to exceed the guidelines and the departure was disproportionate.

## II.  Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

3

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been

'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see*

*also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks

merit precludes federal habeas relief so long as 'fairminded jurists could disagree'

on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S.

__, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard

against extreme malfunctions in the state criminal justice systems, not a substitute

for ordinary error correction through appeal. . . . As a condition for obtaining

habeas corpus from a federal court, a state prisoner must show that the state court's

ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and comprehended in existing law beyond

any possibility for fairminded disagreement."  *Id.* at 786-87 (internal quotation

omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination

of whether the state court's decision comports with clearly established federal law

as determined by the Supreme Court at the time the state court renders its decision.

*See Williams,* 529 U.S. at 412.  Section 2254(d) "does not require citation of

[Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme

Court] cases, so long as neither the reasoning nor the result of the state-court

decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). **Discussion**

### A.    Voluntariness of Plea

In his first habeas claim, Zimmer argues that his plea was involuntary because it was based upon his attorney's promise to him that the longest minimum sentence he would receive was 11 years' imprisonment. He was, instead, sentenced to a minimum sentence of 25 years.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The

voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The prosecutor in this case agreed to dismiss the first two first-degree criminal sexual conduct charges in exchange for the guilty plea. The dismissed first-degree criminal sexual conduct charges carried a mandatory minimum sentence of 25 years. The third first-degree criminal sexual conduct conviction carried no mandatory minimum sentence because the crime was committed before the legislature amended Mich. Comp. Laws 750b(2)(b) to require a 25-year mandatory minimum. Zimmer argues that his attorney advised him that the plea agreement instead provided that he would receive a minimum sentence of 11 years.

The trial court, in denying Zimmer's motion to withdraw his plea, held that the plea was voluntarily, knowingly, and understandingly made. The trial court noted that the record showed that Zimmer was fully aware of the consequences of

7

the guilty plea versus the potential consequences of proceeding to trial.  The trial court rejected Zimmer's argument that his attorney incorrectly advised him that he would receive a minimum sentence of 11 years.

The plea colloquy shows that Zimmer was informed of the maximum possible sentence he faced and also that he was not promised a particular minimum sentence.  He was also informed of the rights he was waiving by pleading guilty, such as the right to a trial by jury.  Zimmer stated that no promises had been made to him in exchange for his plea beyond those stated on the record.  Zimmer's "[s]olemn declarations in open court" that his plea was freely, understandingly, and voluntarily made, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Having reviewed the record, the Court is satisfied that Zimmer's plea was knowing, intelligent and voluntary and that the state court's opinion finding the same was not contrary to or an unreasonable application of Supreme Court precedent.

## B.    Sentencing Claims

Zimmer's second and third habeas claims challenge the fairness of the sentences imposed.  First, he argues that the trial court erred in scoring offense variables 3, 8, 11, and 13, and that counsel was ineffective in failing to object to

the scoring. He also argues that the trial court failed to articulate substantial and compelling reasons to exceed the sentencing guidelines and that his sentences are disproportionate.

### 1. Scoring of Offense Variables

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011). Therefore, habeas corpus relief is not available for this claim.

### 2. Trial Counsel's Performance

Zimmer's claim that his attorney was ineffective in failing to object to the scoring of offense variables is cognizable on habeas review. To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the

*Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The trial court scored ten points for OV3. Ten points may be scored under OV3 when the victim suffered bodily injury "requiring medical treatment." Mich. Comp. Laws § 777.33(1)(d). "'Requiring medical treatment' refers to the necessity for treatment and not the victim's success in obtaining treatment." Mich. Comp. Laws § 777.33(3). Here, the presentence investigation report includes a victim's statement that Zimmer's forceful penetrations of his anus caused him pain and caused him to bleed from his anal cavity. Given this statement, it was not unreasonable for defense counsel to conclude that objecting to the scoring of ten points for this offense variable was unjustified.

The trial court scored fifteen points for OV8 regarding asportation or captivity of a victim. Zimmer argues that because the victims came to his house of their own free will, no asportation or captivity occurred. The presentence investigation report summary of the offenses indicated that once at Zimmer's home, Zimmer transported them to more remote locations on his property, e.g., barn, the pond, where he then assaulted them. Under Michigan law, bringing victims to places providing more secrecy is behavior appropriately scored under OV8. It places victims in more danger because it makes it less likely that others

11

will discover the crimes. *See People v. Spanke*, 254 Mich. App. 642, 647 (Mich. Ct. App. 2003). Thus, counsel was not ineffective in failing to object to the scoring of OV8.

Finally, Zimmer claims that counsel was ineffective in failing to object to the scoring OV 11 and 13. He argues that OV 11 and 13 cannot both be scored for the same conduct. Although counsel did not object to the scoring of these variables, the sentencing court considered whether they were appropriately scored and concluded that they were. In this case, the Michigan appellate courts upheld the scoring of the Michigan Sentencing Guidelines. Petitioner is therefore unable to show that he was prejudiced by his trial counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 F. App'x. 483, 485 (6th Cir. 2011). Petitioner has offered no evidence to show that the scoring of the offense variables was incorrect or that the state trial court judge would have been inclined to impose a lesser sentence, thus, he is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x. 520, 525-26 (6th Cir. 2007). Because an objection to the scoring of the sentencing guidelines would have been futile, counsel was not ineffective for failing to object to the scoring of the guidelines. *See Harris v. United States*, 204

F.3d 681, 683 (6th Cir. 2000).

### 3.   Sentencing Guidelines and Proportionality

Finally, Zimmer argues that the trial court improperly departed from the

sentencing guidelines without articulating substantial and compelling reasons for

doing so and that his sentences are disproportionate.

"The habeas statute unambiguously provides that a federal court may issue

the writ to a state prisoner 'only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562

U.S. 1, __, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)).  The

requirement that a sentencing court articulate a "substantial and compelling

reason" for departure from the sentencing guidelines is found in Michigan, not

federal, law.  *See* Michigan Compiled Laws § 769.34(3).  Whether a state court

judge articulates substantial and compelling reasons for departing from the

sentencing guidelines is a matter of state law.  *Howard v. White*, 76 F. App'x 52,

53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing

guidelines and crediting statutes is a matter of state concern only."); *see also*

*McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  "[A] mere error

of state law is not a denial of due process."  *Swarthout v. Cooke*, __ U.S. __, 131 S.

Ct. 859, 863 (2011) (internal quotations omitted).  Thus, this claim is not

cognizable on federal habeas review.

There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991). However, the Eighth Amendment prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001, 111 S. Ct. at 2705 (Kennedy, J. concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 303, 103 S. Ct. 3001, 3008, 3016 (1983)). The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also Hutto v. Davis*, 454 U.S. 370, 374, 102 S. Ct. 703, 705 (1982) ("[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted). Zimmer's sentences did not exceed the statutory maximum for his offenses and were not grossly disproportionate to the crimes or the offender. Accordingly, he fails to prove an Eighth Amendment violation.

## III.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. §

2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

**Conclusion**

Accordingly,

**IT IS ORDERED** that petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 26, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 26, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135