UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL ZIMMER,

        Petitioner,         Case Number: 13-12560
                                      HONORABLE GERALD E. ROSEN

v.

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On January 26, 2015, the Court denied Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, and denied leave to appeal *in forma pauperis*. The petition challenged Petitioner's 2011 plea-based convictions for first-degree criminal sexual conduct, second-degree criminal sexual conduct, ten counts of third-degree criminal sexual conduct, child sexually abusive activity, two counts of accosting a minor for immoral purposes, distributing sexually explicit matter to minors, fourth-degree criminal sexual conduct, and furnishing alcohol to minors. Now before the Court are Petitioner's Motion for Reconsideration and Motion to Proceed *In Forma Pauperis* on Appeal.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the

correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court denied a certificate of appealability (COA) because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled and the Court will deny the motion.

Also before the Court is Petitioner's request to proceed *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Supreme Court has interpreted "good faith" as stated in § 1915 as "not frivolous". *Coppedge v. United States*, 369 U.S. 438, 445-446 (1962). The Supreme Court has further defined a "frivolous" action as one that

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831 (1989).

For the reasons stated in this Court's Opinion and Order of January 26, 2015, Petitioner's claims are factually and/or legally deficient. The Court, therefore, makes the finding that Petitioner's claims are frivolous because they lack an arguable basis in law or fact. Accordingly, this Court determines that any appeal from the Court's decision would be frivolous and, therefore, hereby certifies that an appeal would not taken in good faith. Therefore, pursuant to 28 U.S.C. § 1915(a)(3), the Court determines that Plaintiff's appeal may not be taken *in forma pauperis*.

Accordingly, the Court DENIES Petitioner's "Motion for Reconsideration" (Doc. #10) and DENIES Petitioner's "Motion to Proceed *In Forma Pauperis* On Appeal" (Doc. #11).

SO ORDERED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: June 1, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2015, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135